UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERROD DODD,

    Plaintiff,

v.                                      Case No.:  2:22-cv-176-SPC-NPM

UNITED STATES OF AMERICA,

    Defendant.

                                      /

## **OPINION AND ORDER**[1]

Before the Court is Defendant United States of America's Motion to Dismiss (Doc. 9), along with Plaintiff Jerrod Dodd's Response (Doc. 13).  For the below reasons, the Court denies the Government's Motion.

## BACKGROUND

This is a personal injury case.  In August 2019, Dodd was involved in a motor vehicle accident with a postal vehicle, and he allegedly sustained serious bodily injuries.  (Doc. 1 at 3).  Dodd claims the postal vehicle was being driven negligently at the time of the accident.  (Doc. 1 at 3).

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.


In September 2020,² Dodd submitted an SF-95 to the United States Postal Service National Tort Claims Center. (Doc. 1 at 1). In his SF-95, Dodd alleged injuries of "right shoulder, back pain, neck pain, [and] headaches." (Doc. 9 Ex. A). He claimed property damage of $100,000 and made a personal injury claim of $2,500,000, for a total claim of $2,600,000. (Doc. 9 Ex. A).

The Government sent Dodd two letters in October 2020 requesting "medical records and itemized bills for treatment received" in connection with his claim. (Doc. 9 Ex. B, Ex. C). Dodd did not supply the requested documents. (Doc. 9 at 1). The Government formally denied Dodd's claim in September 2021. (Doc. 9 Ex. D).

Dodd sued the Government seeking monetary damages and other relief for his injuries arising from the August 2019 motor vehicle accident. (Doc. 1 at 4). The Government moves to dismiss this suit, alleging this Court does not have jurisdiction because Dodd did not provide the medical documentation the Government requested, and therefore did not exhaust his administrative remedies under the Federal Tort Claims Act (FTCA) before filing this suit.

---

² The parties disagree on the exact date. Dodd says the SF-95 was filed on September 6, 2020. (Doc. 1 at 1). The Government says the SF-95 was filed on September 2, 2020. (Doc. 9 at 1). The exact date of filing is inconsequential to this ruling.

## DISCUSSION

Federal courts are courts of limited jurisdiction that only possess the power to hear those cases which they are authorized to under statute and the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[A] federal court is obligated to inquire into subject matter jurisdiction . . . whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). It is the burden of the party asserting jurisdiction to establish "by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).

The United States is "immune from suit unless it waives immunity and consents to be sued." *Collins v. United States*, 996 F.3d 102, 108-109 (2d Cir. 2021). The Federal Tort Claims Act (FTCA) is one instance in which the United States has waived its immunity. 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances").

Dodd asserts this Court has jurisdiction under the FTCA, 28 U.S.C. §§ 1346(b), 28 U.S.C. § 2401(b), and 28 U.S.C. §§ 2671-2680. The FTCA requires that before suing the United States "for money damages for injury or loss of

3

property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government," a claimant must "have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). A claimant whose claim: "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim" has met the presentment requirement of the FTCA. *Adams v. United States,* 615 F.2d 284, 289-90 (5th Cir. 1980).[3]

39 C.F.R. § 912.8—a federal regulation specific to claims against the United States Postal Service—additionally requires claimants to "submit substantial evidence to prove the extent of any losses incurred and any injury sustained."

Neither party has addressed whether the requirements in 28 U.S.C. § 2675 are still considered jurisdictional given the Supreme Court's decision in *Arbaugh v. Y&H Corp.,* 546 U.S. 500 (2006).[4] But the Court need not reach this issue because the Government's motion to dismiss fails whether or not 28 U.S.C. § 2675's requirements are jurisdictional.

---

[3] All Fifth Circuit opinions handed down before close of business on September 30, 1981, constitute binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1207 (11th Cir. 1981).
[4] *See Copen v. United States*, 3 F.4th 875 (6th Cir. 2021) (holding that because of the Supreme Court's decision in *Arbaugh*, the "sum certain" requirement in 28 U.S.C. § 2675 is no longer a jurisdictional provision).

4

The Government states it could not "investigate" and "evaluate" Dodd's claims because his claims lacked "information about the specific nature or extent of his injuries, the nature or extent of his treatment, the degree of permanent disability (if any) he had suffered, his prognosis, or any expenses actually incurred." (Doc. 9 at 6). This type of information may be necessary for settlement, but it is not required for presentment under the FTCA. FTCA presentment in the Eleventh Circuit requires only "minimal notice" of the claim being made against the agency. *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980). Presentment of a claim and settlement of a claim are "distinct processes." *Id.* at 290 ("A claimant will ordinarily comply with [the relevant C.F.R.] if he or she wishes to settle his or her claim . . . These requirements go far beyond the notice requirement of section 2675. Equating these two very different sets of requirements leads to the erroneous conclusion that claimants . . . must provide the agency with any and all information requested in order to preserve their right to sue"); *Tidd v. United States*, 786 F.2d 1565, 1567 (11th Cir. 1986) ("Although a claimant has an obligation to give *notice* of a claim under § 2675, he or she does not have an obligation to provide further information to assist *settlement* of the matter"). The information the Government seeks—"more specific information, such as medical records of treating physicians [and] itemized copies of medical bills"—is precisely what the *Adams* and *Tidd* courts said "may be requested pursuant

to settlement regulation[s], [but] does not act as a jurisdictional bar to a[n] FTCA suit under § 2675." *Tidd*, 786 F.2d at 1569 (citing *Adams*, 615 F.2d 284).

A claimant may refuse to comply with 39 C.F.R. § 912.8, requests from the agency for additional documentation, and the fine print in the SF-95 that directs claimants to "substantiate" a claim with "competent evidence"—all without sacrificing the jurisdiction of the federal courts. *See Adams*, 615 F.2d at 291 ("An agency's demand for anything more than a written and signed statement setting out the manner in which the injury was received, enough details to enable the agency to begin its own investigation and a claim for money damages is unwarranted and unauthorized"); *Collins v. United States*, 996 F.3d 102, 111 (2d Cir. 2021) (explaining that the SF-95 was "promulgated by the Attorney General not on the basis of any authority conferred in § 2675 to prescribe requirements for presentment but, rather, on the basis of § 2672's authority to establish regulations facilitating settlement").

A claimant's refusal to provide supplemental documentation of an incident or injury will not deprive a federal court of jurisdiction if the claim: "(1) gives the agency written notice of [the] claim sufficient to enable the agency to investigate and (2) places a value on [the] claim." *Adams*, 615 F.2d at 289-90.[5] The Government equates Dodd's claim to the inadequate claim made by

---

[5] It is unclear to the Court whether the Government is contesting Dodd's compliance with the FTCA's requirement to "place a value" on his claim since the Government takes issue with

6

the claimant in *Tidd*, but this comparison is inapposite. Dodd provided more than enough information to "enable [USPS] to investigate" his claim. Unlike the claim in *Tidd*, Dodd's claim was not "so vague or lacking in detail that the agency [could] not be expected to initiate any investigation at all." *Burchfield v. United States*, 168 F.3d 1252, 1257 (11th Cir. 1999). As *Adams* and *Tidd* make clear, an agency's ability to "investigate" is not synonymous with its ability to confirm the exact nature and extent and cost of claimant's injuries. *Tidd*, 786 F.2d at 1569 (citing *Adams*, 615 F.2d 284).

Finally, the Government invites this Court to consider *Blackmon v. United States,* No. 3:20-CV-739, 2021 WL 4254863 (S.D. Miss. Sep. 17, 2021). But the Court finds *Cupp v. United States*, No. CV 215-005, 2013 WL 4084641 (S.D. Ga. Aug. 13, 2013) to be far more persuasive. In *Cupp*, Defendant argued—as the Government does here—that the claimant failed to comply with the FTCA's requirements by "refusing to provide evidence to substantiate their claim" even after a request from the relevant agency for "medical treatment and billing records." *Id.* at *1, *5. Citing *Tidd* and *Adams*, the court held that because the claimant had "provided the time, place, and nature of the accident, as well as the type of injury suffered," the claimant had met the

---

Dodd's failure to provide medical bills. However, the provision of medical bills is not required. *See Tidd v. United States*, 786 F.2d 1565, 1569 (11th Cir. 1986) (stating that failure to provide "copies of medical bills . . . does not act as a jurisdictional bar to a[n] FTCA suit under § 2675").

7

presentment requirement under the FTCA. *Id.* at *5. The court specifically noted that "this Court's jurisdiction *is not affected by Plaintiffs' refusal to comply with additional requests for information.*" *Id.* at *5 (emphasis added).

Because Dodd's claim satisfies the FTCA's requirements, this Court has subject-matter jurisdiction.

Accordingly, it is now

**ORDERED:**

Defendant United States of America's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 9) is DENIED.

**DONE** and **ORDERED** in Fort Myers, Florida on December 13, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record